NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 22 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PAUL DAVID JOHNSON,

                    Plaintiff-Appellant,

    v.

JOSEPH CHUDY, M.D.,

                    Defendant-Appellee.

No.    17-16377

D.C. No. 3:14-cv-04958-JST

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Argued and Submitted August 11, 2020
San Francisco, California

Before:  HAWKINS and CHRISTEN, Circuit Judges, and BATAILLON,** Senior
District Judge.

    Paul Johnson, an inmate at High Desert State Prison, appeals the dismissal of

his *pro se* 42 U.S.C. § 1983 action for deliberate indifference to serious medical

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The Honorable Joseph F. Bataillon, Senior United States District
Judge for the District of Nebraska, sitting by designation.

needs. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.[1] "We review *de novo* the district court's dismissal of an action, accepting all factual allegations in the complaint as true and drawing 'all reasonable inferences in favor of the nonmoving party.'" *Gregg v. Hawaii, Dep't of Pub. Safety*, 870 F.3d 883, 886–87 (9th Cir. 2017) (quoting *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999)) (internal citation omitted).

Because the parties are familiar with the facts, we recite only those necessary to resolve the issues on appeal. Johnson alleges he was treated by Appellee J. Chudy, M.D. in 2009 for urological symptoms. He was diagnosed with prostate cancer in 2013 and filed this action in 2014. The district court dismissed Johnson's claim as barred by California's four-year statute of limitations, finding the claim accrued in 2009 when Johnson sought medical care and was aware that his symptoms were not treated. On appeal, Johnson, represented by appointed *pro bono* counsel, argues that the district court erred in failing to apply the discovery rule of accrual and dismissing his action, without leave to amend, as untimely.

1. The district court erred in failing to apply the discovery rule and dismissing Johnson's § 1983 deliberate indifference claim as time barred. "Although courts look to state law for the length of the limitations period, the time at which a § 1983

---

[1] Appellee J. Chudy, M.D. moves for judicial notice of Johnson's amended complaint in another case. We grant the motion and have considered the evidence. *See Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005).

claim accrues 'is a question of federal law,' 'conforming in general to common-law tort principles.'" *McDonough v. Smith*, 139 S. Ct. 2149, 2155 (2019) (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *TwoRivers*, 174 F.3d at 991. Contrary to the district court's assertion, there are not two tracks for determining accrual dates in § 1983 cases. We apply the discovery rule in § 1983 actions of this nature. *See, e.g.*, *Gregg*, 870 F.3d at 885 (finding an Eighth Amendment deliberate indifference claim accrued when plaintiff knew, or had reason to know, through reasonable diligence, that her psychological injuries were caused by defendants' improper conduct in therapy); *Bibeau v. Pac. Nw. Research Found. Inc.*, 188 F.3d 1105, 1108 (9th Cir. 1999), *opinion amended on denial of reh'g*, 208 F.3d 831 (9th Cir. 2000) (applying discovery rule in an Eighth Amendment action involving experimental testicular irradiation experiments in prison).

The district court's reliance on *Wallace* was misplaced because neither constructive notice nor the discovery rule was at issue in that case. The victim of a Fourth Amendment false arrest is charged with actual knowledge—he knows that he is innocent and that he has been arrested. *See Wallace*, 549 U.S. at 390 n.3 (stating the petitioner "was injured and suffered damages at the moment of his arrest, and was entitled to bring suit at that time").

3                                                      17-16377

In contrast, Johnson alleges he suffered a latent or hidden injury and his Eighth Amendment claim is governed by the discovery rule. The injury that is the basis of Johnson's claim is his development of advanced cancer as the alleged result of the defendant's failure to treat him, not the symptoms and pain the defendant allegedly failed to treat in 2009. Based on his allegations, he could not have filed an Eighth Amendment claim for failure to treat cancer in 2009. Though Johnson alleges awareness of his symptoms, he had no reason to connect the symptoms to cancer at any time prior to his diagnosis in 2013. It was therefore error for the district court to dismiss Johnson's action on the ground of the statute of limitations. In light of this disposition, we need not address Johnson's assertion that issues of fact preclude dismissal or his assertion of error in the district court's denial of leave to amend.

2. Because the defendant raises the supervisory liability argument for the first time on appeal, we do not address it.

**REVERSED**.

17-16377